IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CR-235-GKF-3 |
| ) | |
| NICHOLAS LAWRENCE GUILFOYLE, ) | |
| ) | |
| Defendant. ) | |

**THIRD AMENDED SCHEDULING ORDER**

This matter comes before the court on the Unopposed Motion for Continuance of Trial Date and Change of Plea Hearing [Doc. 36] of defendant Nicholas Lawrence Guilfoyle. For the reasons set forth below, the motion is granted.

**I.   Background**

On July 11, 2023, a grand jury returned an Indictment charging Nicholas Lawrence Guilfoyle with one count of Felon in Possession of Firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), as well as Drug and Firearms Forfeiture pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c). [Doc. 2].

On November 27, 2023, the court entered the following Second Amended Scheduling Order [Doc. 32] in this matter:

| Notices due: | 12/13/2023 |
|---|---|
| Motions and Objections to Notices due: | 12/20/2023 |
| Pretrial Conference/Motions Hearing: | 1/3/2024, at 9:30am |
| Voir dire, jury instructions, stipulations and trial briefs due: | 1/8/2024 |

| | |
|---|---|
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 1/11/2024, by 4:00pm |
| Three hard-copy exhibit binders delivered to Court: | 1/11/2024, by 4:00pm |
| Jury Trial: | 1/16/2024, at 9:30am |

Defendant Mr. Guilfoyle now requests a thirty-day continuance of scheduled trial date, and a fourteen-day continuance of his scheduled change of plea hearing. [Doc. 36, p. 1]. Counsel for Mr. Guilfoyle represents that the government does not oppose this motion. [*Id.* at 2].

In support of the defendant's motion, defense counsel explains that the latest draft plea agreement was distributed to defense counsel and presented to the defendant, in custody, on January 9, 2024. Mr. Guilfoyle requested additional time for consideration of the proposed agreement in conjunction with the legal research materials provided. Thus, defense counsel requires additional time to consult with Mr. Guilfoyle regarding the plea agreement. Additionally, defense counsel requests additional time for consultation between the parties and the U.S. Probation Office regarding unique sentencing issues presented in this case.

Mr. Guilfoyle has filed a Speedy Trial Waiver requesting the court exclude the time from January 16, 2024 to February 15, 2024, from computation under the Speedy Trial Act. [Doc. 38].

II. **Analysis**

Section 3161(h)(7)(A) of the Speedy Trial Act permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* In cases that are not

so unusual or complex as to fall within clause (ii) of § 3161(h)(7)(B), the court shall consider whether failure to grant the continuance "would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that it should be a rarely used procedural tool.  The parties must provide the district court with a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271.  This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance.  *Id.* at 1272-73.  A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act.  *Id.* at 1273.

The court finds that failure to grant the instant motion would deny defense counsel sufficient time to consult with Mr. Guilfoyle regarding the most recent proposed plea agreement, taking into account the exercise of due diligence.  Additionally, failure to grant the continuance would deny the parties sufficient time to consult with the U.S. Probation Office regarding unique sentencing issues presented in this case.

The court therefore finds that the ends of justice served by granting the continuance outweigh the interest of the public and the defendant in a speedy trial.

### III. Conclusion

IT IS THEREFORE ORDERED that the Unopposed Motion for Continuance [Doc. 36] is granted. All current deadlines in the Second Amended Scheduling Order [Doc. 32] are stricken. The following Third Amended Scheduling Order is hereby entered:

| | |
|---|---|
| Voir dire, jury instructions, stipulations, and trial briefs due: | 1/29/2024 |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file):<br><br>Counsel shall refer to all adult witnesses by their full names, rather than initials. In cases involving minors, the parties shall submit two copies of the lists. The first shall use the minors' full names. The second shall use the minors' initials. | 2/1/2024, by 4:00pm |
| Three hard-copy exhibit binders delivered to Court: | 2/1/2024, by 4:00pm |
| Jury Trial: | 2/5/2024, at 9:30am |

Pursuant to LCrR47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

IT IS FURTHER ORDERED that the time from January 16, 2024, inclusive, to February 5, 2024, inclusive, shall be excluded from any Speedy Trial Calculations.

IT IS FURTHER ORDERED that the change of plea hearing originally set for January 11, 2024, is hereby re-set to January 25, 2024, at 10:15 a.m. before Magistrate Judge Susan E. Huntsman in Magistrate Courtroom 1.

IT IS SO ORDERED this 10th day of January, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE