# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OKLAHOMA

United States of America,

                Plaintiff,

vs.   Case Number:   23-cr-235-GKF

Nicholas Lawrence Guilfoyle,

                Defendant.

## PETITION TO ENTER PLEA OF GUILTY AND ORDER ENTERING PLEA
(Federal Rules of Criminal Procedure, Rules 10 and 11)

**The defendant represents to the Court:**

My full true name is Nicholas Lawrence Guilfoyle. I am twenty-five (25) years of age. I have gone to school up to and including 9th grade. I request that all proceedings against me be in my true name.

I am represented by an attorney; his name is Stephen G. Layman.

I received a copy of the Indictment before being called upon to plead. I read the Indictment have discussed it with my attorney. I fully understand every charge made against me.

I told my attorney all the facts and circumstances known to me about the charges made against me in the Indictment. I believe that my attorney is fully informed on all such matters.

My attorney has counseled and advised me on the nature of each charge, on all lesser included charges, and on all possible defenses that I might have in this case.

## WAIVER OF CONSTITUTIONAL RIGHTS

I know that I have the right to plead "NOT GUILTY" to any offense charged against me. If I plead "NOT GUILTY," I know the Constitution guarantees me:

(a) the right to a speedy and public trial by a jury;
(b) at that trial, and at all stages of the proceedings, the right to the assistance of an attorney;
(c) the right to see and hear all witnesses called to testify against me, and the right to cross-examine those witnesses;
(d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor; and
(e) the right not to be compelled to incriminate myself by taking the witness stand; and, if I do not take the witness stand, no inference of guilt may be drawn from such failure.

In regard to my right to a jury trial, I know that I am the only person that can waive, that is, give up, that right. I also fully understand that if I have trial by a jury, I have the right of the assistance of an attorney; also the right to confront and cross-examine witnesses against me; and the right not to be compelled to incriminate myself. Furthermore, I understand that to convict me, all twelve (12) jury members would have to agree that I am "GUILTY."

I know that, if I plead "GUILTY," I am thereby waiving my right to a trial, and that there will be no further trial of any kind, either before a Court or jury, and further, I realize that the Court may impose the same punishment as if I had pleaded "NOT GUILTY," stood trial, and been convicted by a jury.

I further understand that my waiver of Sixth Amendment rights to a jury is a waiver of trial by jury in all respects, both as to guilt or innocence and as to sentencing, and I consent that all matters in these proceedings be determined by the Court in accordance with Rule 23 of the Federal Rules of Criminal Procedure.

## PLEA OF GUILTY

I know that, if I plead "GUILTY," the Court will ask me questions about the offense to which I have pleaded, and since I will be answering these questions under oath, on the record, and in the presence of my attorney, that my answers may later be used against me in a prosecution for perjury or false statement.

I know that the Court must be satisfied that there is a factual basis for a plea of "GUILTY" before my plea can be accepted. I represent to the Court that I did the following acts in connection with the charge made against me in Count Five of the Indictment:

I, NICHOLAS LAWRENCE GUILFOYLE, admit that on or about September 7, 2022, at 707 S. Houston Ave., Tulsa, OK, (La Quinta Inn Hotel). I sold a Beretta 9mm Pistol and an AREX 9mm Pistol to an undercover special agent of the FBI. I knowingly possessed the firearms. I knew that I was a convicted felon of crime punishable by a term of prison exceeding one year before I possessed the firearm. At the time I possessed the firearm, the firearm had moved at some time from one state to another or from a foreign country to the United States. This offense occurred in the Northern District of Oklahoma.

In deciding to enter my plea of guilty, I rely upon the following advice from my attorney: This plea is in my best interest. I rely on this advice with full understanding of—and having fully discussed with my attorney—Count Five as set forth in the Indictment, the discovery produced by the government, the substance and impact of relevant statutes and sentencing guidelines, the risks and benefits of trial, and the risks and benefits of entering into a plea agreement.

I also inform the Court that I am not relying, in entering my plea of Guilty, on any representation from my attorney or from the Government or any other source that has not been revealed to the Court and made a part of this record.

By pleading guilty, I understand that I waive, that is, give up, all pretrial motions, and cannot assert any such motions before the Court or on appeal after pleading guilty.

I also understand that a conditional plea pursuant to Rules of Criminal Procedure, Rule 11(a)(2) can only be entered WITH THE APPROVAL OF THE COURT, and the GOVERNMENT reserving IN WRITING the right, on appeal from the judgment, to review of any adverse determination of any pretrial motions. The writing must be presented in open court and made part of the record.

I know that the Court will not permit anyone to plead "GUILTY" who maintains they are innocent and, with that in mind, and because I am "GUILTY" and do not believe I am innocent, I wish to plead "GUILTY," respectfully request the Court to accept my plea of "GUILTY," and to have the Clerk enter my plea of "GUILTY," as follows: GUILTY as charged in Count Five of the Indictment.

## MINIMUM SENTENCE AND MANDATORY MINIMUM SENTENCE

I have been informed and understand that a plea of guilty may subject me to a minimum sentence of prison and/or fine. In addition, my attorney has informed me that Count Five may subject me to a statutory mandatory minimum sentence of fifteen (15) years pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1).

## MAXIMUM SENTENCE REQUIRED UNDER LAW

My attorney informed me that the plea of "GUILTY" could subject me to a maximum punishment, which, as provided by law, is fifteen (15) years imprisonment and/or a fine of $250,000.00, or, if the ACCA applies, a maximum of life imprisonment and/or a fine of $250,000.00. My attorney has further advised me that if the offense to which I plead "GUILTY" occurred on or after January 1, 1985, the maximum fine is the largest of:

(a) The amount specified in law defining the offense
(b) Double the gross pecuniary gain derived by a defendant from the offense
(c) Double the pecuniary loss caused by the offense to another person
(d)

|  | Individual Defendant | Other Defendant |
|---|---|---|
| Any Felony; Misdemeanor resulting in death | $250,000 | $500,000 |
| Other Misdemeanor punishable by more than six months | $100,000 | $200,000 |

My attorney has also advised me that a Special Monetary Assessment in the amount of $100.00 will be assessed per count if the offense occurred on or after November 12, 1984.

Further, my attorney has advised me that if the offense to which I plead "GUILTY" occurred after December 31, 1982, and the offense charges violation of any statute found under Title 18 of the United States Code or certain subsections of the Federal Aviation Act (Title 49 U.S.C. 1472), that Title 18 U.S.C. et seq. authorizes a court to sentence a defendant to pay restitution in addition to, or in lieu of, any other penalty permitted by law, to any victim(s) of the offense.

In addition, I understand that if I am sentenced to prison, a term of supervised release of no more than three years may be imposed. If the term of supervised release is revoked, an additional term of imprisonment and supervised release may be imposed at each revocation. *IF ACC. APPLIES, A TERM OF SUPERVISED RELEASE UP TO FIVE YEARS MAY BE IMPOSED.*

## IMMIGRATION CONSEQUENCES OF PLEA

*see NG*

I am a citizen of the United States.

## PLEA AGREEMENT

My plea of "GUILTY" is the result of a plea agreement entered into between the government attorney, my attorney, and me.

Since my plea of "GUILTY" is the result of a plea agreement, I hereby state that the terms of said agreement are as follows: As set forth in the plea agreement and plea agreement supplement.

I fully understand that the Court is not bound by the terms of the plea agreement, and may accept or reject said agreement. If the Court rejects the agreement, I also understand that the Court will give me the opportunity to withdraw my plea of "GUILTY."

I believe that my attorney has done all that anyone could do to counsel and assist me, AND I AM SATISFIED WITH THE ADVICE AND HELP HE HAS GIVEN ME.

## STATE OF MIND   *see NG*

My mind is clear. I am not under the influence of alcohol or drugs, and I am not under a doctor's care. The only drugs, medicine or pills that I took within the past seven (7) days are: ~~None.~~ *ZYPREXA, ANXIETY MEDICATION.*

I have never been confined in any institution for the treatment of mental illness. I have never been adjudicated mentally incompetent. No psychiatrist, physician or psychologist has ever found me to be mentally ill. I know of no reason why my mental competence at the time of the commission of the alleged offense, or at the present time, should be questioned.

I offer my plea of "GUILTY" freely and voluntarily, and further state that my plea of "GUILTY" is not the result of any force or threats against me, or of any promises made to me other than those noted in this petition. I further offer my plea of "GUILTY" with full understanding of all the matters set forth in the Indictment and in this petition, and in the certificate of my attorney which is attached to this petition.

## SENTENCING

I have been advised by counsel that I will be sentenced pursuant to the advisory sentencing guidelines procedure established by Title 18 U.S.C. §3553 et seq. I understand that sentencing is a matter left exclusively in the province of the Court; and I understand that the sentence imposed by the Court may be within the guideline table range provided by law or, for good cause stated, the Court may depart therefrom after all relevant facts and circumstances of my case have been considered by the Court, or the Court may impose a non-guideline sentence.

I further understand that the Court may impose a term of Supervised Release that will run after any term of confinement that might be imposed.

Further, I understand that probation is not available as a sentencing alternative to the Court in most cases under the advisory sentencing guidelines and that, whenever probation is permissible under the advisory sentencing guidelines, it is exclusively within the Court's province to grant or deny probation.

If I am currently on supervised release, probation or parole in this or any other Court, I know that by pleading "GUILTY" here, my probation, supervised release or parole may be revoked, and I may be required to serve time in that case which may be consecutive, that is, in addition to any sentence imposed on me in this case.

I declare that no officer or agent of any branch of government (Federal, State, or local) has promised, suggested or predicted that I will receive a lighter sentence, or probation, or any other form of lenience, if I plead "GUILTY."

If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that they had no authority to do so.

I know that the sentence I will receive is solely a matter within the control of the Judge. I hope to receive lenience, but I am prepared to accept any punishment permitted by law which the Court sees fit to impose. However, I respectfully request the Court to consider, in mitigation of punishment, that I have voluntarily entered a plea of "GUILTY."

I have been advised and do understand that, subject to any waiver of my appellate and post-conviction rights contained in my written plea agreement, I have the right of appeal of any sentence imposed by the Court to the Tenth Circuit Court of Appeals. Also, I understand that any appeal must be filed no more than fourteen (14) days from date of the judgment.

I waive the reading of the Indictment in open Court, and I request the Court to enter my plea of "GUILTY" as set forth in this petition.

I swear that I have read, understood, and discussed with my attorney, each and every part of this Petition to Enter Plea of Guilty, and that the answers which appear in every part of this petition are true and correct.

Signed and sworn to by me in open court, in the presence of my attorney, this 25th day of January, 2024.

*Nicholas Guilford*
Defendant

Subscribed and sworn to before me this 25th day of January, 2024.

*R. Huoss*
Deputy Clerk

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for defendant, Nicholas Lawrence Guilfoyle, hereby certifies:

(1) I have read and fully explained to the defendant the allegations contained in the Indictment in this case.

(2) To the best of my knowledge and belief, the statements, representations and declarations made by the defendant in the foregoing petition are in all respects accurate and true.

I have further explained to my client the provisions of advisory guideline sentencing as established by Title 18 U.S.C. 3553 et seq. Although I have discussed with my client the maximum sentence imposed for the offense for which (s)he is charged, I have not promised, suggested or predicted a possible sentence. I have specifically advised my client that sentencing is left solely within the province of the Court.

My client fully understands that, for good cause shown, the Court may depart from the advisory guideline range or impose a non-guideline sentence and, further, that probation is not available as a sentencing alternative in most cases under advisory guideline sentencing. Also, my client fully understands that, whenever probation is a permissible sentencing alternative, it is exclusively within the Court's discretion to grant or deny probation.

(3) The plea of "GUILTY" offered by the defendant accords with my understanding of the facts (s)he related to me and is consistent with my advice to the defendant.

(4) In my opinion, the defendant's waiver of reading of the Indictment in open court as provided in Rule 10 is voluntarily and understandingly made, and I recommend to the Court that the waiver be accepted by the Court.

(5) In my opinion, the plea of "GUILTY" offered by the defendant in the petition is voluntarily and understandingly made. I recommend that the Court accept the plea of "GUILTY."

(6) I have made no predictions or promises to the defendant concerning any sentence the Court may award.

(7) I further represent to the Court that the defendant's plea of "GUILTY" is the result of a plea agreement. The terms of the agreement are set out in the petition, and I have informed the defendant that the Court is not bound by the terms of the agreement, and that if the Court rejects the agreement, the Court will give him the opportunity to withdraw his plea of "GUILTY."

Signed by me in open court in the presence of the defendant above-named and after full discussion of the contents of this certificate with the defendant, this 25th day of January, 2024.

_____
Attorney for the Defendant

## ORDER

I find that the plea of "GUILTY" was made by the defendant freely, voluntarily, and because he is "GUILTY" as charged, and not out of ignorance, fear, inadvertence, or coercion, and with full understanding of its consequences. I further find that the defendant has admitted the essential elements of the crime charged, that there is a factual basis for the plea of "GUILTY," and that the defendant is mentally competent.

IT IS THEREFORE ORDERED that the defendant's plea of "GUILTY" is accepted and entered as prayed for in the petition and as recommended in the certificate of his/her attorney.

Done in open court this 25th day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE
SUSAN E. HUNTSMAN